**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| PATRICIA BURNELLE, MIKO SAKAI, and JUDY KISLING on behalf of themselves and all others similarly situated, | Case No. 0:24-cv-00972-MGL |
| Plaintiff, | **AMENDED SETTLEMENT AGREEMENT AND RELEASES** |
| v. | |
| SAGE HOME LOANS CORPORATION f/k/a LENOX FINANCIAL MORTGAGE CORPORATION d/b/a WESLEND FINANCIAL, | |
| Defendant. | |

This Amended Settlement Agreement ("Settlement" or "Agreement")[1] is entered into between Plaintiffs Patricia Burnelle, Miko Sakai, and Judy Kisling on behalf of themselves and the Settlement Class, and Defendant, Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial ("Defendant" or "SHLC"), as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action (defined below), subject to a Final Approval Order entered by the Court.

**I.     Procedural History**

1.     SHLC is a South Carolina-based mortgage company that services customers across the United States. In operating its business, SHLC collects, maintains, and stores personal information pertaining to its customers, including, but not limited to, full names, addresses, Social

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below or as defined elsewhere in the Agreement.

Security numbers, driver's license numbers, loan numbers, and financial information.

2.      On or about December 19, 2023, SHLC noticed suspicious activity on its network. In response, SHLC launched an investigation that revealed that an unauthorized actor accessed individuals' personal information ("PI") (the "Data Incident"). At the time of the Data Incident, SHLC had approximately 135,000 customers who had provided personal information to SHLC while obtaining a mortgage.

3.      SHLC and its customers thereafter notified, in accordance with various state data breach notification rules, approximately 29,004 individuals that their PI may have been impacted by the Data Incident. The approximately 29,004 individuals consisted of approximately 28,018 customers and 986 current and former employees and beneficiaries.

4.      As a result, on February 26, 2024, Plaintiff Patricia Burnell filed a Class Action Complaint (the "Complaint") against SHLC, asserting causes of action for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; and (4) unjust enrichment, and seeking to represent a nationwide class of aggrieved individuals. [DE #1].

5.      SHLC was subsequently named as a defendant in two putative class actions filed in the Central District of California[2] and one putative class action filed in California Superior Court, Orange County[3] (the "Related Actions") that are materially and substantively identical, as they have overlapping claims, seek to represent the same putative class members, and arise out of the same Data Incident. SHLC, at all times, disputes the allegations in this Action and the Related Actions.

---

[2] *Kisling v. Sage Home Loans Corp.*, Case No. 8:24-cv-01167 (filed on May 31, 2024); *Sakai v. Sage Home Loans Corp.*, Case No. 8:24-cv-00492 (filed on March 3, 2024). *Sakai* has been voluntarily dismissed without prejudice.
[3] *Randles v. Sage Home Loans Corp.*, OCSC Case No. 2024-01390406 (filed on March 27, 2024).

6.    Shortly thereafter, the Parties began discussing settlement and reached agreement on the materials terms of the settlement on June 6, 2024. Pursuant to the terms of the Agreement, Plaintiffs will file their consolidated class action complaint.

7.    The Parties are executing this Amended Settlement Agreement to update and clarify the Settlement Class size.

8.    The Parties now agree to collectively settle the Action and the Related Actions entirely, without any admission of liability or wrongdoing, with respect to all Released Claims (defined below) of the Releasing Parties (defined below). SHLC has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint and Related Actions and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. SHLC does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint (and similarly does not concede any of the allegations in the other complaints in the Related Actions), and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, SHLC, and all Settlement Class Members (defined below).

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    <u>Definitions</u>

8.    "**Action**" means the class action lawsuit entitled: *Burnell et al. v. Sage Home Loans Corp.*, Case No. 0:24-cv-00972 (D.S.C.).

9.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Class Counsel's attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives.

10.    "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

11.    "**Cash Payment**" means compensation paid to Settlement Class Members who submit a Valid Claim.

12.    "**Claim**" means the submission of a Claim Form by a Claimant.

13.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 4***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

14.    "**Claim Form Deadline**" shall be 90 days from the date that Notice is first disseminated to the Settlement Class and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class member to be eligible for a Cash Payment.

15.    "**Claimant**" means a Settlement Class member who submits a Claim Form.

16.    "**Class Counsel**" means: Gary Klinger and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC.

17.    "**Class List**" means a list of Settlement Class members. SHLC shall prepare and provide the Class List to the Settlement Administrator for Notice using information in SHLC's records. The Class List shall include the Settlement Class members' names, postal address (if available from Data Incident notice materials) and email address (if available from Data Incident notice materials).

18.    "**Class Representatives**" means Patricia Burnelle, Miko Sakai, and Judy Kisling.

19.    "**Complaint**" means the Amended Complaint filed by Plaintiffs Patricia Burnelle, Miko Sakai, and Judy Kisling.

20.    "**Court**" means the United States District Court for the District of South Carolina and the Judge(s) assigned to the Action.

21.    "**Data Incident**" means the unauthorized access to or acquisition of the Personal Identifying Information on or about December 19, 2023.

22.    "**Defendant**" means Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial.

23.    "**Defendant's Counsel**" or "**SHLC's Counsel**" means Orrick, Herrington & Sutcliffe LLP.

24.    "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final

Approval Order or 30 days after the entry of a dismissal of the appeal.

25.    "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, distributed to Settlement Class members for which email addresses are provided by SHLC.

26.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

27.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

28.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

29.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

30.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class members by mail on request made to the Settlement Administrator.

31.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

32.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

33.    "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of: (1) Service Awards to Class Representatives awarded by the Court, (2) attorneys' fees and costs awarded by the Court to Class Counsel, and (3) all Settlement Administration Costs.

34.    "**Notice**" means the Email Notice, Postcard Notice, Long Form Notice, and Publication Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

35.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, and Long Form Notice.

36.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

37.    "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

38.    "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

39.    "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

40.    "**Personal Information**" or "**PI**" means information collected by SHLC, directly or indirectly, pertaining to its customers, including, but not limited to, full names, addresses, Social

Security numbers, driver's license numbers, loan numbers, and financial information.

41.    "**Plaintiffs**" means Patricia Burnelle, Miko Sakai, and Judy Kisling.

42.    "**SHLC**" means Defendant Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial.

43.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2*** that the Settlement Administrator shall disseminate to Settlement Class members by mail.

44.    "**Pre-Approval Settlement Administration Costs**" means Settlement Administration Costs incurred before Final Approval.

45.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

46.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

47.    "**Related Actions**" means the two putative class actions filed in the Central District of California and one putative class action filed in California Superior Court for Orange County against SHLC regarding the Data Incident, identified in Paragraph 5 of this Agreement.  Although a fourth action, captioned *Sakai v. Sage Home Loans Corp f/ka/ Lenox Financial Mortgage Corp. d/b/a Weslend Financial*, No. 8:24-cv-00492 (C.D. Cal.) was filed, it has been voluntarily dismissed and Ms. Sakai has been added as a named Plaintiff in this action along with Judy Kisling.

48.    "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

49.    "**Released Claims**" means any and all actual, potential, filed or unfiled, known or

unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

50.    "**Released Parties**" means SHLC and each entity which is controlled by, controlling or under common control with SHLC, and its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

51.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

52.    "**Service Award**" means the payment the Court may award Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as a Settlement Class Member. The Service Awards shall be paid out of the Settlement Fund.

53.    "**Settlement Administrator**" or "**Kroll**" means the third-party notice and claims

administrator, Kroll Settlement Administration, LLC.

54.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and settlement administration.

55.    "**Settlement Class**" means all living individuals residing in the United States whose Personal Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of SHLC; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Settlement Class comprises 133,987 individuals for whom SHLC had Personal Information at the time of the Data Incident.

56.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

57.    "**Settlement Class Member Benefit**" means the Cash Payment Settlement Class Members are entitled to upon submission of a Valid Claim.

58.    "**Settlement Fund**" means the non-reversionary US $925,000.00 in cash fund that SHLC is obligated to fund under the terms of the Settlement.

59.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

60.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class member that

is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

III.    **Settlement Fund**

61.    At least 14 days before commencement of the Notice Program, SHLC shall pay to the Settlement Administrator a sum portion of the Pre-Approval Settlement Administration Costs to be agreed upon by the Settlement Administrator, SHLC, and Class Counsel, which shall be sufficient to effectuate notice to the Settlement Class members.

62.    Following entry of the Preliminary Approval Order, SHLC shall pay all subsequent amounts for Pre-Approval Settlement Administration Costs within 30 days of when such amounts are invoiced to SHLC along with wire instructions and other required documentation and become due and owing. SHLC is not required to advance costs for claims validation or other claims processing related costs until such time such costs are actually incurred. Except that any Settlement Administration Costs incurred after the Effective Date will be paid to the Settlement Administrator from the Settlement Fund following its funding.

63.    Within 30 days of the Effective Date, SHLC shall deposit, or cause to be deposited,

with the Settlement Administrator in an Escrow Account the Settlement Fund minus any Settlement Administration Costs previously paid by SHLC.

64.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on SHLC, SHLC's Counsel, Plaintiffs, or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. SHLC, SHLC's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold SHLC, SHLC's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    Certification of the Settlement Class

65.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. SHLC agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, SHLC shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

V.    **Settlement Consideration**

66.    **Settlement Class Member Benefits**

When submitting a Valid Claim, Settlement Class Members will be entitled to a Cash Payment. Settlement Class Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against the Released Parties without receiving a Settlement Class Member Benefit.

67.    **Cash Payment**

a.    **Compensation for Ordinary Losses**: Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500.00 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by PHL. These ordinary losses may include the following:

13

i.         ***Out of pocket expenses incurred*** as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

ii.        ***Fees for credit reports, credit monitoring, or other identity theft insurance product*** purchased between November 15, 2023, and the date of the Claim Form Deadline.

b.        **Compensation for Lost Time**: Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25.00 per hour up to five hours (for a total of $125.00) with an attestation including a brief description of the action(s) take in response to the Data Incident.

c.        **Alternate Compensation**: Instead of selecting Compensation for Ordinary Losses or Compensation for Lost Time, a Settlement Class Member may elect to receive a flat payment in the amount of $50.00.

68.     **Injunctive Relief**

SHLC provided Class Counsel with a "Security Attestation" attesting to the security measures it is implementing following the Data Incident. SHLC confirms that all of these security measures have been implemented. The costs of any such security measures on the part of SHLC shall be fully borne by SHLC, and under no circumstances will such costs be deducted from the Settlement Fund.

**VI.     Settlement Approval**

69.     Within 10 days following execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary

14

Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and SHLC.

70.     The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim submission process; (5) approve the procedures for Settlement Class members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Gary Klinger and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC as Class Counsel for Settlement purposes; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and SHLC's Counsel.

## VII.     Settlement Administrator

71.     The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

72.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

73.    The Settlement Administrator's duties include:

a.    Providing CAFA Notice;

b.    Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and, where email addresses are provided by SHLC, sending the Postcard Notice in electronic form via email, sending out Long Form Notices and paper Claim Forms on request from Settlement Class members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c.    Establishing and maintaining the Settlement Fund the Escrow Account approved by the Parties;

d.    Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class members, and Claim Forms;

e.    Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

f.    Establishing and maintaining an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

g.    Responding to any mailed Settlement Class member inquiries;

h.    Processing all opt-out requests from the Settlement Class;

i.    Providing weekly reports to Class Counsel and SHLC's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and

objections received to date, and other pertinent information;

j.    In advance of the Final Approval Hearing, preparing a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.    Distributing, out of the Settlement Fund, Cash Payments by electronic means;

l.    Paying Court-approved attorneys' fees and costs and Service Awards out of the Settlement Fund;

m.    Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

n.    Any other Settlement administration function at the instruction of Class Counsel and SHLC, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

## VIII.    Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

74.    SHLC will make available to Class Counsel and the Settlement Administrator the Class List no later than five (5) days after entry of the Preliminary Approval Order. To the extent necessary, SHLC will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

75.    Within 45 days following entry of the Preliminary Approval Order, the Settlement

Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Where email addresses are provided by SHLC for Settlement Class members, Email Notice shall be sent by email. Settlement Class members for which email addresses are not provided, or emails were undelivered (and a postal address is provided by SHLC), shall receive a Postcard Notice by mail.

76.     The Email Notice and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and SHLC's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

77.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

78.     The Long Form Notice also shall include a procedure for Settlement Class members

to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

79.    The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice and Email Notice shall direct Settlement Class members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

80.    For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.      the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Awards;

e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear

and/or testify at the Final Approval Hearing; and

    i.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

    81.    The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces.

    82.    The Notice Program shall be completed no later than 60 days before the original date set for the Final Approval Hearing.

## IX.    Claim Form Process and Disbursement of Cash Payments

    83.    The Notice and the Settlement Website will explain to Settlement Class members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

    84.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

    85.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is

21

reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

86.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class member in an effort to determine which Claim Form is the appropriate one for consideration.

87.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

88.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency

explaining what information is missing or inaccurate and needed to validate the Claim and have it

submitted for consideration. The Settlement Administrator shall notify the Claimant using the

contact information provided in the Claim Form. The additional information and/or documentation

can include, for example, answers to questions regarding the validity of the Claimant's physical or

e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the

Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is

later, to reply to the Notice of Deficiency and provide the required information. If the Claimant

timely and adequately provides the requested information or documentation, the Claim shall be

deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not

timely and completely provide the requested information or documentation, the Settlement

Administrator shall reduce or deny the Claim unless SHLC and Class Counsel otherwise agree.

89.     Where a good faith basis exists, the Settlement Administrator may reduce or reject

a Claim for, among other reasons, the following:

     a.      Failure to fully complete or sign the Claim Form;

     b.      Illegible Claim Form;

     c.      The Claim Form is fraudulent;

     d.      The Claim Form is duplicative of another Claim Form;

     e.      The Claimant is not a Settlement Class member;

     f.      The Claimant submitted a timely and valid request to opt out of the

Settlement Class.

     g.      The person submitting the Claim Form requests that payment be made to a

person or entity other than the Claimant for whom the Claim Form is submitted;

     h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

90.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.      If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

91.     The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or SHLC's Counsel. Additionally, Class Counsel and SHLC's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

92.     No person or entity shall have any claim against SHLC, SHLC's Counsel, Plaintiffs, the Settlement Class, Class Counsel, or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

93.     No later than 30 days after the Settlement Fund is deposited following the Effective

24

Date pursuant to Section III, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

94.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check, by sending Settlement Class Members with Valid Claims an email to select from alternative forms of electronic payment or by paper check. Settlement Class Members will have a period of 180 days to select their electronic payment. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and SHLC's Counsel. Absent specific instructions from Class Counsel and SHLC's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

## X.     <u>Final Approval Order and Final Judgment</u>

95.     Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the Application for Attorneys' Fees, Costs, and Service Awards,

provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

96.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.     Determine that the Settlement is fair, adequate and reasonable;

      b.     Finally certify the Settlement Class for settlement purposes only;

      c.     Determine that the Notice Program satisfies Due Process requirements;

      d.     Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.     Release SHLC and the other Released Parties from the Released Claims; and

      f.     Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including SHLC, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.     <u>Service Awards, Attorneys' Fees, and Costs</u>

97.     **Service Awards.** The Class Representatives may seek Service Awards of up to $5,000.00 each, subject to Court approval. The Service Awards shall be payable out of the Settlement Fund.

98.     **Attorneys' Fees and Costs.** Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable costs.

The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within five (5) days after the Settlement Fund is deposited following the Effective Date pursuant to Section III.

99.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

**XII.    Disposition of Residual Funds**

100.    In the event there are funds remaining in the Settlement Fund 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment, following payment of Settlement Class Member Payments, any residual shall be distributed to an appropriate mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose the Consumer Federation of America as the *cy pres* recipient.

**XIII.    Releases**

101.    Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*., or California's Unfair Competition Law, California

27

Civil Code section 17200 *et seq*. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

102.    Settlement Class members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

103.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties,

whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV. **Termination of Settlement**

104. This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

      a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

      b.    The Court has entered the Preliminary Approval Order;

      c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

      d.    The Effective Date has occurred.

105. If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

106. SHLC shall have the option to terminate this Agreement if more than 5% of the Settlement Class opt out of the Settlement. SHLC shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

107. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further

force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

108.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to SHLC. However, SHLC shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to SHLC within 20 days of termination.

## XV.    Effect of Termination

109.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, SHLC's, SHLC's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

110.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.  **No Admission of Liability**

111.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. SHLC has denied and continues to deny each of the claims and contentions alleged in the Complaint and in the Related Actions. SHLC specifically denies that a class could or should be certified in the Action or Related Actions. SHLC does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. SHLC has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

112.    Class Counsel believe the claims asserted in the Action and Related Actions have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

113.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

114.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

115.    In addition to any other defenses SHLC or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

**XVII.  <u>Miscellaneous Provisions</u>**

116.    <u>Confidentiality</u>. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or SHLC's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the

32

Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. SHLC may also provide information about the Settlement Agreement to its attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations.

117.   <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

118.   <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

119.   <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

120.   <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

121.   <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

122.   <u>No Conflict Intended</u>. Any inconsistency between the headings used in this

Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

123.    Governing Law. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of South Carolina, without regard to the principles thereof regarding choice of law.

124.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

125.    Jurisdiction. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

126.    Notices. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Gary Klinger
Milberg Coleman Bryson Phillips Grossman
227 West Monroe Street, Suite 2100
Chicago, Illinois 60606
gklinger@milberg.com

David Lietz
Milberg Coleman Bryson Phillips Grossman
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015
dlietz@milberg.com

If to SHLC or SHLC's Counsel:

Aravind Swaminathan
Orrick, Herrington & Sutcliffe LLP
401 Union St., Ste. 3300
Seattle, WA 98101
aswaminathan@orrick.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

127.    <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and SHLC's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

128.    <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

129.    <u>Authority</u>. Class Counsel (for the Plaintiffs and the Settlement Class Members), and SHLC's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and SHLC respectively to all terms of this Agreement. Any

person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

130.    Agreement Mutually Prepared. Neither Plaintiffs nor SHLC shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

131.    Independent Investigation and Decision to Settle. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

132.    Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically

warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGES]*

**PLAINTIFFS**

*Patricia Brunelle*
Patricia Brunelle (Oct 9, 2024 12:28 EDT)
_____
PATRICIA BURNELLE
*Plaintiff*


_____
MIKO SAKAI
*Plaintiff*


_____
JUDY KISLING
*Plaintiff*


**CLASS COUNSEL**

*David K Lietz*
_____
DAVID LIETZ, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

*Gary M Klinger*
_____
GARY KLINGER, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*


**SAGE HOME LOANS CORPORATION**


_____
By: _____
Its _____

**COUNSEL FOR DEFENDANT**

_____
ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

**PLAINTIFFS**

_____
PATRICIA BURNELLE
*Plaintiff*

_____
MIKO SAKAI
*Plaintiff*

_____
JUDY KISLING
*Plaintiff*

**CLASS COUNSEL**

_____
DAVID LIETZ, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

_____
GARY KLINGER, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

**SAGE HOME LOANS CORPORATION**

_____
By: _____
Its _____

**COUNSEL FOR DEFENDANT**

_____
ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

Doc ID: 7bf01596887c6ea4a4531b0fa18b49f4b6cf08b7

**PLAINTIFFS**

_____

PATRICIA BURNELLE
*Plaintiff*


_____

MIKO SAKAI
*Plaintiff*

_____

JUDY KISLING
*Plaintiff*


**CLASS COUNSEL**

_____

DAVID LIETZ, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*


_____

GARY KLINGER, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*


**SAGE HOME LOANS CORPORATION**

_____

By: _____
Its _____

**COUNSEL FOR DEFENDANT**

_____

ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

**PLAINTIFFS**

_____
PATRICIA BURNELLE
*Plaintiff*

_____
MIKO SAKAI
*Plaintiff*

_____
JUDY KISLING
*Plaintiff*

**CLASS COUNSEL**

_____
DAVID LIETZ, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

_____
GARY KLINGER, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

**SAGE HOME LOANS CORPORATION**

_____
By: ___Brad Seibel_____
Its: __President_____

**COUNSEL FOR DEFENDANT**

_____
ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

38

# EXHIBIT 1

From:

To:

Subject: Email Notice of Class Action Settlement

_____

Class Member ID: <<RefNum>>

**IF YOU RECEIVED THIS NOTICE, YOU HAVE BEEN IDENTIFIED AS SOMEONE ELIGIBLE FOR SETTLEMENT COMPENSATION UNDER A SETTLEMENT CLASS ACTION SETTLEMENT REGARDING A DATA INCIDENT**

**What Is This Action About?** This Action is known as *Burnelle et al. v. Sage Home Loans Corp.,* Case No. 0:24-cv-00972-MGL, filed in the United States District Court for the District of South Carolina. The Persons who sued are called the "Plaintiffs" or "Class Representatives" and the company they sued, Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial ("SHLC"), is known as the "Defendant" in this case. SHLC, as part of its business operations, collects and stores personal information pertaining to its customers, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, loan numbers, and financial information. SHLC also collects personal information, such as names, addresses and Social Security numbers, of employees in connection with their employment.

**What Happened?** The Action alleges that on or about December 19, 2023, SHLC noticed suspicious activity on its network. In response, SHLC immediately took steps to secure its network and launched an investigation that revealed that an unauthorized actor accessed individuals' Personal Information and exfiltrated data from SHLC's network to an unknown location. At the time of the Data Incident, SHLC had approximately 135,000 customers who had provided Personal Information to SHLC while obtaining a mortgage, and employees who provided personal information in connection with their employment. SHLC denies any wrongdoing whatsoever.

**What Information Was Involved?** The information that was impacted varies by individual, but could have included name, address, Social Security number, date of birth, driver's license number, and financial account numbers.

**Who Is A Settlement Class Member?** You are a Settlement Class Member if you are a living individual residing in the United States whose Personal Information may have been impacted in the Data Incident. Excluded from the Settlement Class: (a) all persons who are directors, officers, and agents of SHLC; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Settlement Class comprises 133,987 individuals all the approximately 135,00 borrowers for whom SHLC had Personal Information at the time of the Data Incident.

**What Are The Settlement Class Member Benefits?** SHLC has agreed to pay $925,000 into a Settlement Fund to pay for: (i) Service Awards to Class Representatives awarded by the Court, (ii) attorneys' fees and costs awarded by the Court to Class Counsel, (iii) all Settlement Administration Costs; and Settlement Class Member Benefits of Cash Payments, including compensation for ordinary losses, compensation for lost time and a flat payment as an alternate compensation instead of selecting compensation for ordinary losses or lost time.

**What You Can Do?** Settlement Class Members under the Settlement Agreement will be eligible to receive the Settlement Class Member Benefits discussed above. To submit a claim, you must file a Claim Form by mail postmarked by <<Claim Form Deadline>>, and mailed to the Settlement Administrator's address below, or online at www.website.com by <Claim Form Deadline>, to receive compensation from the Settlement.

**What Are My Other Rights?** If you do not want to be legally bound by the Settlement, you must exclude yourself by DATE. If you do not exclude yourself, you will release any claims you may have against SHLC and the Related Entities, as more fully described in the Settlement Agreement, available at WEBSITE. If you do not exclude yourself, you may object to the Settlement by DATE. Visit WEBSITE for complete information on how to exclude yourself from or object to the Settlement.

**Do I have a Lawyer**? Yes, the Court has appointed the law firm of Gary Klinger and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC to represent you and the Settlement Class. Class Counsel will request an award of attorneys' fees not to exceed 33.33% of the Settlement Fund ($308,333), plus reimbursement of reasonable costs, and a Service Award of $5,000 for each Class Representative.

**The Final Approval Hearing**: The Court has scheduled a hearing for DATE/TIME in Courtroom X, located at COURT ADDRESS, to consider whether to approve the Settlement, Service Award, attorneys' fees, as well as any

objections. You or your attorney may request to appear at the hearing, but you are not required to do so. The date or time of the hearing may change, so please check ==WEBSITE== for updates.

**For Additional Information or to Update Your Address & Contact Information:**

Visit ==WEBSITE== or contact the Settlement Administrator:

Mail: SHLC Data Security Action, c/o Kroll Settlement Administration LLC, P.O. Box ==XXXX==, New York, NY 10150-==XXXX==

Toll-Free: ==**(XXX) XXX-XXXX**==

**THIS EMAIL NOTICE IS ONLY A SUMMARY**.

Unsubscribe

# EXHIBIT 2

**A proposed Settlement has been reached in a class action lawsuit known as *Burnelle et al. v. Sage Home Loans Corp.*, Case No. 0:24-cv-00972-MGL, filed in the United States District Court for the District of South Carolina.**

**What is this Action about?** This Action is known as *Burnell et al. v. Sage Home Loans Corp.*, Case No. 0:24-cv-00972-MGL, filed in the United States District Court for the District of South Carolina. The Persons who sued are called the "Plaintiffs" or "Class Representatives" and the company they sued, Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial ("SHLC"), is known as the "Defendant" in this case. SHLC, as part of its business operations, collects and stores personal information pertaining to its customers, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, loan numbers, and financial information. SHLC also collects personal information, such as names, addresses and Social Security numbers, of employees in connection with their employment.

**What Happened?** The Action alleges that on or about December 19, 2023, SHLC noticed suspicious activity on its network. In response, SHLC immediately took steps to secure its network and launched an investigation that revealed that an unauthorized actor accessed individuals' Personal Information and exfiltrated data from SHLC's network to an unknown location. At the time of the Data Incident, SHLC had approximately 135,000 customers who had provided personal information to SHLC while obtaining a mortgage, and employees who provided personal information in connection with their employment. SHLC denies any wrongdoing whatsoever.

**What Information Was Involved?** The information that was impacted varies by individual, but could have included name, address, Social Security number, date of birth, driver's license number, and financial account numbers.

**Who is a Settlement Class Member?** You are a Settlement Class Member if you are a living individual residing in the United States whose Personal Information may have been impacted in the Data Incident. Excluded from the Settlement Class: (a) all persons who are directors, officers, and agents of SHLC; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Settlement Class comprises 133,987 individuals for whom SHLC had Personal Information at the time of the Data Incident

**What are the Settlement Class Member Benefits?** The Settlement provides the following benefits or "Cash Payments" for Settlement Class Members that file Valid Claims:
• **Compensation for Ordinary Losses:** Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses.
• **Compensation for Lost Time:** Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25 per hour up to five hours (for a total of $125) with an attestation; OR
•**Alternate Compensation:** Instead of selecting compensation for ordinary losses or compensation for lost time, a Settlement Class Member may elect to receive a flat payment in the amount of $50.

**What You Can Do?** Settlement Class Members under the Settlement Agreement will be eligible to receive the Settlement Class Member Benefits discussed above. To submit a claim, you must

file a Claim Form by mail postmarked by <mark>**<<Claim Form Deadline>>**</mark>, and mailed to the Settlement Administrator's address below, or online at <mark>**www.website.com**</mark> by <mark><Claim Form Deadline></mark>, to receive compensation from the Settlement.

**What are my other rights?**

• **Do nothing**: If you do nothing, you will not receive a compensation and remain in the Settlement. You give up your rights to sue SHLC or any other released party related to the Security Incident.

• **Exclude yourself**: You can get out of the Settlement and keep your right to sue SHLC related to the Security Incident, but you will not receive any compensation from the Settlement. You must submit a valid and timely request for exclusion to the Settlement Administrator by <mark>**<<Opt-Out Period>>**</mark>

• **Object**: You can stay in the Settlement but tell the Court why you think the Settlement or parts of it should not be approved. Your written objection must be submitted by <mark>**<<Objection Period>>**</mark>.You may also request to appear at the Final Approval Hearing. Detailed instructions on how to file a Claim Form, exclude yourself, object, or request to appear at the hearing can be found on the Long-Form Notice found on the Settlement Website available at <mark>www.website.com</mark>. The Court will hold the Final Approval Hearing on <mark>**<<Date>>**</mark> at <mark>**<<Time>>**</mark> a.m. <mark>ET</mark>, to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards that will not exceed 33.33% of the Settlement Fund ($308,333) and reimbursement of reasonable costs, plus a Service Awards of $5,000 to each Class Representative, and to consider whether and if the proposed Settlement and Class Counsel's Application for Attorneys' Fees, Costs and Service Awards should be approved. You may attend the hearing, but you don't have to.

• **More information**: For more information, including a copy of the Settlement Agreement, Long-Form Notice, Claim Form, Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, when available, and other documents, or to change or update your contact information, visit the Settlement Website at <mark>**www.website.com,**</mark> or call <mark>**(XXX) XXX-XXXX**</mark>. You may also contact the Settlement Administrator at ***SHLC Security Incident Action,*** **c/o Kroll Settlement Administration LLC, PO Box <mark>XXXX</mark>, New York, NY 10150-<mark>XXXX</mark>.**

# EXHIBIT 3

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### United States District Court District of South Carolina

### *Burnelle et al. v. Sage Home Loans Corp.*
### Case No. 0:24-cv-00972-MGL ("Action")

### <u>A Court has authorized this Notice. This is not a solicitation from a lawyer.</u>

---

**Your Personal Information May Have Been Impacted By Suspicious Activity On Sage Home Loans Corporation's ("SHLC") Network (the "Data Incident"). As A Result, You Are Eligible to Receive Payments from a Class Action Settlement.**

---

- If you are receiving this Notice, you are eligible to receive a payment from a proposed $925,000 class action Settlement. The Action is titled *Burnelle et al. v. Sage Home Loans Corp.*, Case No. 0:24-cv-00972-MGL and is pending in the United States District Court for the District of South Carolina. The persons who filed the class action lawsuit are called Plaintiffs or "Class Representatives," and the company they sued is Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial ("Defendant" or "SHLC"). SHLC, as part of its business operations, collects and stores personal information pertaining to its customers, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, loan numbers, and financial information. SHLC also collects personal information, such as names, addresses and Social Security numbers, of employees in connection with their employment.

- **What Happened?** The Action alleges that on or about December 19, 2023, SHLC noticed suspicious activity on its network. In response, to the Data Incident, SHLC immediately took steps to secure its network and launched an investigation that revealed that an unauthorized actor accessed individuals' Personal Information ("PI") and exfiltrated data from SHLC's network to an unknown location. At the time of the Data Incident, SHLC had approximately 135,000 customers who had provided Personal Information to SHLC while obtaining a mortgage, and employees who provided personal information in connection with their employment.

- **What Information Was Involved?** The information that was impacted varies by individual, but could have included name, address, Social Security number, date of birth, driver's license number, and financial account numbers.

- **What You Can Do?** Settlement Class Members under the Settlement Agreement will be eligible to receive the following. To submit a Claim visit www.website.com or call (XXX) XXX-XXXX to request a Claim Form no later than <<Claim Form Deadline>>:

  - ❖ **Compensation for Ordinary Losses:** Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses;

  - ❖ **Compensation for Lost Time:** Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25 per hour up to five hours (for a total of $125) with an attestation, including a brief description of the action(s) taken in response to the Data Incident; OR

Questions? Go to www.website.com or call (XXX) XXX-XXXX

- 1 -

❖ **Alternate Compensation:** Instead of selecting compensation for ordinary losses or compensation for lost time, a Settlement Class Member may elect to receive a flat payment in the amount of $50.

- For more information, visit www.website.com or call (XXX) XXX-XXXX.

- **Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

- SHLC denies any wrongdoing whatsoever and denies that it has any liability but has agreed to settle the lawsuit on a class-wide basis.

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Cash Payment for compensation for ordinary losses and compensation for lost time from the Settlement. | Submitted or postmarked on or before <<**Claim Form Deadline>>.** |
| **Exclude Yourself by Opting Out of the Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against SHLC relating to the Data Incident. | Mailed and postmarked on or before <<**Opt-Out Period>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak at the Final Approval Hearing on <<**Final Approval Hearing date>>**, about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before <<**Objection Period>>.** |
| **Do Nothing** | You will not receive any Claim Payment from this class action Settlement. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court still will have to decide whether to approve the Settlement. Payments to Settlement Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

| What This Notice Contains |
|---|

**Basic Information** ......................................................................................................... **4**

**Who is in the Settlement** ............................................................................................ **4**

**The Settlement Benefits—What You Get if You Qualify** .......................................... **5**

**How Do You Submit a Claim** ..................................................................................... **6**

**Excluding Yourself from the Settlement** ..................................................................... **7**

**Objecting to the Settlement** ........................................................................................ **8**

**The Lawyers Representing You** ................................................................................... **9**

**The Court's Final Approval Hearing** ......................................................................... **9**

**If You Do Nothing** ..................................................................................................... **10**

**Additional Information** .............................................................................................. **11**

## BASIC INFORMATION

| 1.    Why is there a Notice? |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give Final Approval to the Settlement. This Notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Honorable Judge Lewis of the United States District Court for the District of South Carolina is overseeing this case captioned as *Burnelle et al. v. Sage Home Loans Corp.,* Case No. 0:24-cv-00972-MGL. The people who brought the lawsuit are called the Class Representatives. The company being sued, Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial, is called the Defendant.

| 2.    What is the Action about? |
|---|

SHLC, as part of its business operations, collects and stores personal information pertaining to its customers, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, loan numbers, and financial information. The Action alleges that on or about December 19, 2023, SHLC noticed suspicious activity on its network. In response to the Data Incident, SHLC immediately took steps to secure its network and launched an investigation that revealed that an unauthorized actor accessed individuals' Personal Information and exfiltrated data from SHLC's network to an unknown location. At the time of the Data Incident, SHLC had approximately 135,000 customers who had provided Personal Information to SHLC while obtaining a mortgage.

SHLC also collects personal information, such as names, addresses and Social Security numbers, of employees in connection with their employment.

SHLC denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that SHLC has done anything wrong.

| 3.    Why is this a class action? |
|---|

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on  behalf of all people who have similar claims. Together, all of these people are called a "settlement class," and the  individuals  are  called  "Settlement Class Members."  One  court  resolves  the  issues  for  all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4.    Why is there a Settlement? |
|---|

The Court has not decided in favor of the Plaintiffs or SHLC.  Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5.    How do I know if I am part of the Settlement? |
|---|

You are affected by the Settlement and potentially a Settlement Class Member if you are a living individual residing in the United States whose Personal Information may have been impacted in the Data Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement.  Specifically excluded from the Settlement Class are: (a) all persons who are directors and officers of SHLC (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Settlement Class comprises 133,987 individuals for whom SHLC had Personal Information at the time of the Data Incident.

| 6. | What if I am not sure whether I am included in the Settlement? |
|---|---|

If you are not sure whether you are included in the Settlement, you may call (XXX) XXX-XXXX with  questions. You may also write with questions to:

<div align="center">

SHLC Data Incident Action
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

</div>

<div align="center">

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

</div>

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides that SHLC will create a Settlement Fund that pays for  the  following Settlement Class Member Benefits, or Cash Payments: (a) compensation for ordinary losses (b) compensation for lost time; or (c) flat payment as an alternate compensation, instead of selecting compensation for ordinary losses or lost time. Note that Settlement Class Members are subject to an individual aggregate cap of $1,500 for payments made under the Settlement for compensation for ordinary losses.

Settlement Class Cash Payments will be subject to a *pro rat*a increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. Any *pro rata* increases or decreases to Cash Payments will be equally throughout the Settlement Fund. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against the Released Parties without receiving a Settlement Class Member Benefit.

SHLC provided Class Counsel with a "Security Attestation" attesting to the security measures it is implementing following the Data Incident. SHLC confirms that all of these security measures have been implemented.

| 8. | What payments are available for reimbursement under the Settlement? |
|---|---|

Each Claimant who submits a valid and timely Claim Form may qualify for one of the following:

a) ***Compensation for Ordinary Losses:*** Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500 per person.

- Settlement Class Members must submit documentation supporting their Claims for ordinary losses. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter.

- These ordinary losses may include the following:

  - *Out of pocket expenses incurred* as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

  - *Fees for credit reports, credit monitoring, or other identity theft insurance product* purchased between November 15, 2023, and the date of the Claim Form Deadline.

b) ***Compensation for Lost Time:*** Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25 per hour up to five hours (for a total of $125) with an attestation including a brief description of the action(s) take in response to the Data Incident.

c) ***Alternate Compensation:*** Instead of selecting compensation for ordinary losses or compensation for lost time, a Settlement Class Member may elect to receive a flat payment in the amount of $50.

## HOW DO YOU SUBMIT A CLAIM?

| **9.   How do I get a Settlement Class Member Benefit?** |
| --- |

To receive a Cash Payment, you must complete and submit a Claim online at www.website.com or by mail to *SHLC Data Incident Action*, c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by <<Claim Form Deadline>> or by mail postmarked by <<Claim Form Deadline>>.

| **10.   How will claims be decided?** |
| --- |

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is a Valid Claim. The Settlement Administrator may require additional information from you. If you do not provide the additional information in a timely manner, the Claim will be considered invalid and will not be paid.

The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether a Claim is:

(i)     submitted in accordance with the provisions of the Settlement;

(ii)    accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member;

(iii)   signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury;

(iv)   returned via mail and postmarked by the ==Claim Form Deadline==, or, if submitted online, submitted by 11:59 p.m. Eastern Time on the ==Claim Form Deadline==; and

(v)    determined to be valid by the Settlement Administrator.

## 11.  When will I get my Cash Payment?

The Court will hold a hearing on ==**<<Date>>, at** **<<Time>> a.m. ET**== to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time.  It also takes time for all of the Claim Forms  to be processed. Please be patient. Payments will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

## 12.  What am I giving up as part of the Settlement?

SHLC and its affiliates will receive a Release from all claims that could have been or that were brought against SHLC relating to the Data Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue SHLC, and each entity which is controlled by, controlling or under common control with SHLC, and its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees, known as Released Parties, any or all of the above persons or entities referenced in this paragraph, any Person related to any such entities relating to the Data Incident.  This Release is described in the Settlement Agreement, which is available at ==**www.website.com.**== If you have any questions, you can talk to the law firms  listed in Question 18 for free or you can talk to your own lawyer.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

## 13.  If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

## 14.  If I do not exclude myself, can I sue Released Parties for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue SHLC and any other released party for any claim that could have been or was brought relating to the Data Incident.  You  must exclude  yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| 15. How do I exclude myself from the Settlement? |
| --- |

To exclude yourself, send a request for exclusion or written notice of intent to opt-out that says you want to be excluded from the Settlement in *Burnelle et al. v. Sage Home Loans Corp.*, Case No. 0:24-cv-00972-MGL. The letter must: be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. You must mail your request for exclusion postmarked by <<Opt-Out Period>>, to:

<div align="center">

SHLC Data Incident Action
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

</div>

<div align="center">

**OBJECTING TO THE SETTLEMENT**

</div>

| 16. How do I tell the Court that I do not like the Settlement? |
| --- |

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. Objections must be filed with the Court, and sent by email with a hard copy sent by overnight mail by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the mailing addresses listed below, postmarked by **no later** than the l a s t d a y   o f   t h e  Objection Period, <<Objection Period>>.

| Clerk of the Court | Settlement Administrator |
| --- | --- |
| <<Court Address>> | SHLC Data Incident Action<br>c/o Kroll Settlement Administration LLC<br>PO Box XXXX<br>New York, NY 10150-XXXX |
| **Class Counsel** | **SHLC's Counsel** |
| Gary Klinger<br>Milberg Coleman Bryson Phillips Grossman<br>227 West Monroe Street, Suite 2100<br>Chicago, Illinois 60606<br>gklinger@milberg.com<br><br>David Lietz<br>Milberg Coleman Bryson Phillips Grossman<br>5335 Wisconsin Avenue NW, Suite 440<br>Washington, D.C. 20015<br>dlietz@milberg.com | Aravind Swaminathan<br>Orrick, Herrington & Sutcliffe LLP<br>401 Union St., Ste. 3300<br>Seattle, Washington 98101<br>aswaminathan@orrick.com |

Your objection must be written and must include all of the following:

<div align="center">

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**
- 8 -

</div>

i)   the objector's full name, mailing address, telephone number, and email address (if any);

ii)   all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

iii)   the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

iv)   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Awards;

v)   the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel or counsel's law firm have objected to a class action settlement within the preceding 5 years;

vi)   the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

vii)   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

viii)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

ix)   the objector's signature (an attorney's signature is not sufficient).

---

**17.   What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the settlement class and do not want to receive any payment from the settlement. If you exclude yourself, you have no basis to object because you are no longer a Settlement Class Member, and the case no longer affects you. If you submit both a valid objection and a valid request for exclusion, you will be deemed to have only submitted the request to be excluded.

<div align="center"><strong>THE LAWYERS REPRESENTING YOU</strong></div>

---

**18.   Do I have a lawyer in this case?**

Yes. The Court appointed Gary Klinger and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC, as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**19.   How will the lawyers be paid?**

Class Counsel will file a fee application ("Application for Attorneys' Fees, Costs, and Service Awards") to be paid from the Settlement Fund. Class Counsel's request for an award of attorneys' fess of up to 33.33% of the Settlement Fund ($308,333) plus reimbursement of reasonable costs.

These amounts would be paid from the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for a Service Award of up to $5,000 for each of the Class Representatives.

Any Application for Attorneys' Fees, Costs, and Service Awards to the Class Representatives must be approved by the Court. The Court may award less than the amounts requested. Class Counsel's papers in support of the Motion for Final Approval of the Settlement will be filed no later than <<Motion for Final Approval Date>> and their Application for Attorneys' Fees, Costs, and Service Awards will be filed no later than <<Date>> and will be posted on the Settlement Website.

## THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at <<Time>> ET on <<Date>>, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Application for Attorneys' Fees, Costs, and Service Awards, as well as the request for Service Awards payment for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.website.com**, or calling **(XXX) XXX-XXXX**.

**21. Do I have to attend the hearing?**

No. Class Counsel will present the Settlement Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an Objection, you do not have to visit the Court to talk about it. As long as you filed your written Objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an Objection according to the instructions in Question 16, including all the information required. Your Objection must be **mailed** to the Settlement Administrator, at the mailing addresses listed below, postmarked by no later than the last day of the Objection Period.

## IF YOU DO NOTHING

**23. What happens if I do nothing?**

If you do nothing, you not receive any benefits from this Settlement. If the Settlement is granted Final Approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit,

or be part of any other lawsuit against SHLC or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

| **24.  How do I get more information?** |
| --- |

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at www.website.com. You may also call the Settlement Administrator with questions or to receive a Claim Form at (XXX) XXX-XXXX.

| **25.  What if my contact information changes or I no longer live at my address?** |
| --- |

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below:

<div align="center">

SHLC Data Incident Action
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

</div>

# EXHIBIT 4

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>Your claim must be<br>submitted online or<br>postmarked by:<br>**&lt;&lt;Claim Form<br>Deadline&gt;&gt;**</td><td><h1>CLAIM FORM</h1>*Burnelle, et al. v. Sage Home Loans Corp.*<br>Case No. 0:24-cv-00972-MGL<br>United States District Court District of South Carolina</td><td>**SHLC-C**</td></tr>
</table>

## GENERAL INSTRUCTIONS

If you received a Notice, the Settlement Administrator identified you as Settlement Class Member who may have been involved in a Data Incident and were notified by Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a/ Weslend Financial ("SHLC") on or around December 2023. You may submit a Claim for Settlement Class Member Benefits, outlined below. Please refer to the Long Form Notice posted on the Settlement Website www.website.com, for more information on submitting a Claim Form.

**To receive compensation for ordinary losses or lost time from this Settlement, you MUST submit the Claim Form below electronically at www.website.com by &lt;&lt;Claims Deadline&gt;&gt;**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*SHLC Data Incident Action*

c/o Kroll Settlement Administration LLC

PO Box XXXX

New York, NY 10150-XXXX

**You may submit a claim for the following benefits:**

1) **Compensation for Ordinary Losses**: Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses; and

2) **Compensation for Lost Time**: Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25 per hour up to five hours (for a total of $125) with an attestation, including a brief description of the action(s) taken in response to the Data Incident;

OR

3) **Alternate Compensation**: Instead of selecting compensation for ordinary losses or compensation for lost time, a Settlement Class Member may elect to receive a flat payment in the amount of $50.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

## I. PAYMENT SELECTION

If you would like to elect to receive your Cash Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II.  SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____
**First Name**                                   **Last Name**

_____
**Address 1**

_____
**Address 2**

_____  ___ ___  ___ ___ ___ ___ ___
**City**                                               **State**       **Zip Code**

Email Address (optional): _____@_____

Telephone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ _____

## III.  PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify that you are an individual who may have been involved in the Data Incident and were notified that their personal information may have been impacted as a result of the Data Incident.

Enter the Settlement Class Member ID number provided on your Postcard Notice:

**Settlement Class Member ID : 0 0 0 0 0** ____ ____ ____ ____ ____ ____ ____ ____

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

\*00000\*                    \*CF\*              \*Page 2 of 4\*

00000                        CF                          Page 2 of 4

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

## IV. COMPENSATION FOR ORDINARY LOSSES

Settlement Class Members may submit a Claim for a Cash Payment of up to $1,500 for reimbursement of ordinary losses fairly traceable to the Data Incident.,

*Ordinary losses incurred* as a direct result of the Data Incident, including but not limited to:

(i)     *Out of pocket expenses incurred* as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

(ii)     *Fees for credit reports, credit monitoring, or other identity theft insurance* product purchased between November 15, 2023, and <<Claim Form Deadline>>.

**You must submit documentation to obtain this reimbursement.**

☐ I have attached documentation showing that the claimed losses were more likely than not caused by the Data Incident. I have submitted reasonable documentation supporting their Claims for ordinary losses. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter.

| Cost Type (Fill all that apply) | Approximate Date of Out-of-Pocket Loss | Amount of Out-of-Pocket Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

## V. COMPENSATION FOR LOST TIME

☐  **Lost Time**. Are you claiming a Cash Payment for up to $125 for lost time spent dealing with the Data Incident ($25 per hour, up to 5 hours)? If yes, fill out section below.

☐  I affirm that I spent time dealing with the effects or perceived effects of the Data Incident and stating the amount of time (up to 5 hours) that I spent dealing with the effects of the Data Incident.

Time Spent: ☐ 1 hour  ☐ 2 hours  ☐ 3 hours  ☐ 4 hours  ☐ 5 hours

## VI. ALTERNATE COMPENSATION

By checking the below box, I choose a $50 flat payment.  **Do not select this if you chose an option above**.

☐  Yes, I choose a flat payment of $50, instead of the compensation for ordinary losses or compensation for lost time above.

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws the United States that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                            Date

_____
Print Name

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

*00000*                     *CF*                         *Page 4 of 4*

00000                         CF                              Page 4 of 4

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| PATRICIA BURNELLE, MIHO SAKAI, and JUDY KISLING on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAGE HOME LOANS CORPORATION f/k/a LENOX FINANCIAL MORTGAGE CORPORATION d/b/a WESLEND FINANCIAL,<br><br>Defendant. | Case No. 0:24-cv-00972-MGL |

**[PROPOSED] ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. __) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Patricia Burnelle, Miho Sakai, and Judy Kisling ("Plaintiffs") and Sage Home Loans Corporation f/k/a Lenox Financial Mortgage Corporation d/b/a Weslend Financial ("Defendant" or "SHLC" and, together with Plaintiffs, the "Parties"), with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval of Class Action Settlement (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1.    **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All living individuals residing in the United States whose Personal Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of SHLC; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff. Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Patricia Burnelle, Miho Sakai, and Judy Kisling will likely satisfy the

requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representatives. Additionally, the Court finds Gary Klinger and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ at _____, where the Court will determine, among other things, whether: (a) the Settlement Class should be finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and

validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorney Fees, Costs, and Expenses should be approved; and (f) the application of the Settlement Class Representatives for Service Awards should be approved.

6.      **Settlement Administrator**. The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(b)(3); and (e) and meet the requirements of the Due Process Clause(s) of the United States

Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

9.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit a written request to the designated address established by the Settlement Administrator in the manner provided in the Notice. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than 30 days before the Final Approval Hearing. If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written objection by the Objection Deadline and as stated in the Notice. The Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court. The Notice also shall advise Settlement Class Members of the deadline

for submission of any objections—the "Objection Deadline." Any such objections to the Settlement Agreement must be written and must include all of the following:

    a.      the objector's full name, mailing address, telephone number, and email address (if any);

    b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c.      the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

    d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Awards;

    e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the

objector's counsel or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.    the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.    the objector's signature (an attorney's signature is not sufficient). Class Counsel and Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

To be timely, written notice of an objection must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator by the Objection Deadline, which is no later than 30 days before the Final Approval Hearing. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11.    **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if:

    a.    the Court does not enter this Preliminary Approval Order;

    b.    the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or

    c.    there is no Effective Date.

In such an event: (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii)

the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose; and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

13.    **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15.    **Stay of Litigation**. All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16.    **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Preliminary Approval Granted | |
|---|---|
| Defendant pays the Settlement Administrator a sum portion of the Pre-Approval Settlement Administration Costs | At least 14 days before the Notice Program begins |
| Defendant provides Class List to the Settlement Administrator | No later than 5 days after entry of the Preliminary Approval Order |
| Notice Program Begins | No later than 45 days after the Preliminary Approval Order |
| Re-mailing of Postcard Notice | No later than 60 days before the original date set for the Final Approval Hearing |
| Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards | No later than 45 days before the original date set for the Final Approval Hearing |
| Notice Program Completion Deadline | No later than 60 days before the original date set for the Final Approval Hearing |
| Objection Deadline | No later than 30 days before the Final Approval Hearing |
| Opt-Out Deadline | No later than 30 days before the Final Approval Hearing |
| Claim Form Deadline | 90 days after the Notice Program begins |
| Settlement Administrator's Deadline to Approve or Reject Claims | 30 days after the Claim Form Deadline |
| **Final Approval Hearing** | |
| Motion for Final Approval | No later than 45 days before the original date set for the Final Approval Hearing. |
| **Final Approval Granted** | |
| Payment of Attorney Fees, Expenses, and Service Awards | No later than 5 days after the Settlement Fund is deposited following the Effective Date |
| Distribution Deadline for Class Member benefits | No later than 30 days after the Settlement Fund is deposited following the Effective Date |
| Disposition of Residual Funds | 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment |

**IT IS SO ORDERED** on this _____ day of _____, 2024.


_____
The Honorable Mary Geiger Lewis
United States District Judge